Filed 11/19/25  P. v. Webb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C102807 |
| Plaintiff and Respondent, | (Super. Ct. No. CR604092) |
| v. | |
| GEORGE MICHAEL WEBB, | |
| Defendant and Appellant. | |

Appointed counsel for defendant George Michael Webb filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Based on our record review, we modify the judgment to vacate probation related fees that have been invalidated by ameliorative legislation and affirm as modified.  Undesignated section references are to the Penal Code.

## BACKGROUND

In July 2019, defendant was charged with possession of a firearm by a felon, conspiracy to commit a crime (check fraud), identity theft, receiving stolen property

1

worth less than $950, identifying information theft, possession of drug paraphernalia, and possession of a switchblade in a motor vehicle. Defendant resolved the case by pleading guilty to conspiracy to commit a crime (check fraud) (§ 182, subd. (a)(1)) with the remaining counts dismissed.

In September 2019, the trial court sentenced defendant to formal probation for 36 months under terms and conditions, including that he pay fines and fees as part of probation condition No. 14. These included a $300 restitution fine (§ 1202.4), a stayed $300 probation revocation restitution fine (§ 1202.44), and various probation related fees (§ 1203.1b).

The probation department later filed petitions to revoke defendant's probation on July 22, 2020, February 16, 2021, and February 23, 2021. The court summarily revoked defendant's probation and issued a bench warrant following defendant's failure to appear on these allegations in March 2021.

Defendant remained at large until his arrest in October 2024. Shortly after that, defendant resolved the pending petitions by admitting to some of the alleged violations in return for the striking of the remaining petitions. The matter was referred for a supplemental probation report, which ultimately recommended the denial of reinstatement and sentence to the midterm.

On November 20, 2024, the trial court denied defendant's request for reinstatement on probation, sentenced him to the midterm of two years local prison (§ 1170, subd. (h)) and determined he would not be granted mandatory supervision in light of his poor performance on probation. The court also lifted the stay on the $300 probation revocation restitution fine (§ 1202.44) and reimposed the $300 restitution fine (§ 1202.4), $30 criminal conviction assessment fee (Gov. Code, § 70373), and $40 court operations assessment fee (§ 1465.8).

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having examined the record, we note the probation related fees (§ 1203.1b) imposed as part of defendant's probation (specifically probation condition No. 14, subsections (d)-(g)) have been invalidated by the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) that repealed the authority to collect various fees. (See Stats. 2020, ch. 92, §§ 11, 62.) The bill makes the unpaid balance of these fees unenforceable, uncollectible, and requires that any portion of a judgment imposing such fees be vacated. (See *ibid*.; § 1465.9, subds. (a)-(b).) Defendant is entitled to the retroactive application of these ameliorative changes. (*People v. Esquivel* (2021) 11 Cal.5th 671, 680; *People v. Clark* (2021) 67 Cal.App.5th 248, 258.)

# DISPOSITION

The trial court's judgment is modified to vacate any portions of the following probation related fees (§ 1203.1b, subd. (a)) imposed by the trial court as part of probation condition No. 14 that remained unpaid as of July 1, 2021:  $252 for probation urinalysis testing; $390 for preparation of the probation officer's report; $220 for each separate probation officer's supplemental report; and a $25 per month for the supervision fee.  (§ 1465.9, subd. (a).)  The judgment is affirmed as modified.


　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　 MESIWALA, J.


We concur:


 /s/
HULL, Acting P. J.


 /s/
RENNER, J.


4